IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, | ) ) ) ) ) | |
| TUCKPOINTERS LOCAL 52 PENSION PLAN, | ) ) ) | |
| TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, | ) ) ) ) | CIVIL ACTION |
| | ) | NO. 26 C 9498 |
| JOHN KALLIANIS, as Administrative Manager, | ) ) ) | JUDGE |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| SEYLLER'S, INC., an Illinois corporation, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Now come the CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52; TUCKPOINTERS LOCAL 52 PENSION PLAN; TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, and JOHN KALLIANIS, as Administrative Manager, by their attorneys, and for their Complaint against Defendant, SEYLLER'S, INC., an Illinois corporation, allege as follows:

1.     This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1132, 1145

(hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs are "employee welfare benefit plans," "plans," and "fiduciaries," within the meaning of ERISA, and Plaintiff, JOHN KALLIANIS, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

3. Defendant is an "employer" within the meaning of ERISA, who is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust pursuant to which Plaintiffs are maintained and/or pursuant to the terms of a collective bargaining agreement to which Defendant is a party or is obligated along with the Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO.

4. Defendant is delinquent in the submission of the contributions to Plaintiffs required of it, and is further delinquent in the submission of monthly reports, submission of which is required by the plan from all participating employers in order to identify those persons who may be eligible for benefits provided by Plaintiffs.

5. Plaintiffs have requested that Defendant perform its obligations, but Defendant has refused and failed to so perform.

6. Pursuant to the terms of Defendant's collective bargaining agreement and the Trust Agreements, Plaintiffs have further assessed against Defendant liquidated damages and interest in the amount of $7,494.95, for Defendant's past failure to pay contributions in a timely fashion. Defendant has been provided notice of these assessments indicating the months for which contributions were paid late, the total amount of contributions paid late, and the amount of the 20

2

(20%) percent liquidated damages as well as any interest which was assessed. Notwithstanding the foregoing, Defendant has failed to pay liquidated damages and interest as required by the collective bargaining agreement and Trust Agreements.

7. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs, and to continue submitting such reports while this action is pending.

B. That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, interest on the unpaid contributions, liquidated damages, and Plaintiffs' reasonable attorneys' fees and costs of action, as specified herein or as subsequently determined, all as provided for in the plans and in ERISA.

C. That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular to continue submitting the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA.

D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/ Carson W. Fallo

3

Stephen J. Rosenblat
Carson W. Fallo
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 1825
Chicago, IL   60606-5250
Bar No.: 6345253
Telephone:  312-216-2550
Facsimile: 312/236-0241
E-Mail: cfallo@baumsigman.com
i:\52j\seyller's inc\#31527\complaint.cwf.df.docx